UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JAMES SHELTON ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:18-cv-125 |
| ) | |
| ACTION SAFETY SOLUTIONS, INC. ) | |
| and NICK DOWNEY ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**
(Demand for Jury Trial)

Comes now the Plaintiff, James Shelton, and for his Complaint against the Defendants, Action Safety Solutions, Inc. and Nicholas Downey, states as follows:

NATURE OF CAUSE

1. This action is brought under the provisions of 29 U.S.C.A. § 216, et. seq., to redress and enjoin unlawful employment practices.

JURISDICTION

2. James Shelton ("Shelton") is a male citizen of the United States and a resident of this judicial district.

3. Defendant, Action Safety Solutions, Inc. ("Action Safety Solutions") is a Kentucky limited liability company doing business in Evansville, Indiana.

4. At all times relevant to this Complaint, Action Safety Solutions was an "employer" within the meaning of 29 U.S.C.A. § 203.

5. Defendant, Nick Downey ("Downey") is an individual residing in the State of Kentucky. Mr. Downey is the President and owner of Action Safety Solutions, Inc.

6. The unlawful employment practice complained of in this Complaint occurred in this District, and venue is proper within this District.

7. All conditions precedent to the institution of this action have been met.

## GENERAL ALLEGATIONS

8. Shelton became employed with Action Safety Solutions on or about January 24, 2018.

9. Downey was responsible for hiring Shelton and for determining his rate and method of payment.

10. Action Safety Solutions compensated Shelton on an hourly basis at the rate of $40.00 an hour.

11. Throughout Shelton's employment, Action Safety Solutions failed and refused to pay Shelton overtime compensation as required by 29 U.S.C.A. § 207.

12. From March 5, 2018 to March 12, 2018, Action Safety Solutions failed and refused to pay Shelton any compensation for the work he performed.

13. Despite demands from Shelton, Action Safety Solutions failed and refused to provide Shelton with any pay stubs and/or proof of withholdings.

14. To date, Shelton has never received a pay stub or any other evidence of earnings from Action Safety Solutions or from Downey.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT

15. Shelton incorporates herein by reference each and every allegation contained in paragraphs 1 through 14.

16. Action Safety Solutions's failure to pay Shelton any compensation for the work he performed constitutes a violation of 29 U.S.C.A. § 206.

17. Action Safety Solutions's failure and refusal to pay Shelton for the work he performed as required by 29 U.S.C.A. § 206 was wilful.

18. Action Safety Solutions's failure to pay Shelton overtime compensation constitutes a violation of 29 U.S.C.A. § 207.

19. Action Safety Solutions's failure and refusal to pay Shelton overtime compensation as required by 29 U.S.C.A. § 207 was wilful.

## PRAYER FOR RELIEF

WHEREFORE, Shelton respectfully prays for judgment against Action Safety Solutions and Downey including but not limited to:

    a.    Unpaid regular compensation in an amount to be proved at trial;

    b.    Unpaid overtime compensation in an amount to be proved at trial;

    c.    Liquidated damages;

    d.    Reasonable costs and attorney's fees;

    e.    This Court retaining jurisdiction of this action to ensure full compliance by Action Safety Solutions and Downey with the Court's judgment and decree; and

    f.    All such other relief to which Shelton may be entitled and which may be just and proper in the premises.

## COUNT II – FRAUD

20. Shelton incorporates herein by reference each and every allegation contained in paragraphs 1 through 19.

21. In or about February 2018, Shelton demanded overtime payment from Action Safety Solutions.

22. After receiving demands from Shelton, Downey misrepresented to Shelton that the

company had changed payroll companies.

23. In or about March 2018, Downey also misrepresented that Shelton's compensation was "on its way."

24. Downey's misrepresentations to Shelton were made in an attempt to induce Shelton to continue to perform work for Action Safety Solutions without proper compensation.

25. Upon information and belief, Action Safety Solutions was undercapitalized, and as owner of Action Safety Solutions, Downey was aware of its undercapitalization.

26. Downey's actions warrant a piercing of corporate veil.

## PRAYER FOR RELIEF

WHEREFORE, Shelton respectfully prays for judgment against Downey including but not limited to:

- a. Compensatory damages in an amount to be proved at trial;
- b. Liquidated damages;
- c. Punitive damages;
- d. Reasonable costs and attorney's fees;
- e. This Court retaining jurisdiction of this action to ensure full compliance by Downey with the Court's judgment and decree; and
- f. All such other relief to which Shelton may be entitled and which may be just and proper in the premises.

BARBER & BAUER, LLP
124 SE First Street, Suite 101
Evansville, Indiana 47708
Telephone: (812) 425-9211

By: */s/ Erin Bauer*
Erin Bauer, No. 27733-82

## JURY DEMAND

Shelton demands trial by jury on all counts of this Complaint.

>BARBER & BAUER, LLP
>124 SE First Street, Suite 101
>Evansville, Indiana 47708
>Telephone: (812) 425-9211
>
>By:     */s/ Erin Bauer*
>         Erin Bauer, No. 27733-82